Opinion issued January 15, 2004











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01319-CR




ISMAEL LAZALDE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 924,749




MEMORANDUM OPINION

          A jury found appellant, Ismael Lazalde, guilty of aggravated sexual assault of
a child and assessed punishment at confinement for 12 years. The jury also imposed
a $5,000 fine. In his sole point of error, appellant contends that the trial court abused
its discretion by admitting evidence of extraneous offenses. 
          We affirm.
Facts & Procedural History
A.      The Offense
          Sometime around December of 1999, appellant sexually assaulted L.L.,
complainant, by placing his fingers inside complainant’s female sexual organ. 
Appellant is complainant’s father. Complainant was between six and seven years old
at the time of the assault.
B.      Request for Notice
          A jury trial began on October 22, 2002 to determine appellant’s guilt. Prior to
trial, the trial court granted “Defendant Lazalde’s Request for Notice Under Rule
404(b), Texas Rules of Evidence” and ordered the State to notify appellant of
evidence of extraneous crimes, wrongs or acts that the State intended to introduce
under Texas Rule of Evidence 404(b). The State gave no notice of an intent to
introduce evidence under Rule 404(b). Appellant did not file a request for notice
under any other authority.
 
 
C.      Complainant’s Testimony
          During her testimony, complainant described, in detail, the instance of sexual
abuse that occurred in December of 1999. When the State began to solicit testimony
from complainant concerning subsequent instances of abuse, appellant made the
following objection:
[Defense Counsel]: Your Honor, I’m going to object to the line of
questioning. May we approach?
 
[The court]: Yes, sir.
 
(bench conference held and recorded)
 
[Defense Counsel]: Your Honor, Judge Poe


 had granted the motion in
limine on my part and on extraneous offenses. Here we’re talking about
different time, different places and extraneous offenses, and I have to
object on those grounds.
 
[The court]: I understand your objection. It’s overruled.

After the trial court overruled appellant’s objection, complainant testified about two
subsequent instances of sexual abuse committed by appellant. 
Extraneous Acts
          In his sole point of error, appellant contends that the trial court’s order granting
appellant’s request for notice under Texas Rule of Evidence 404(b) required the State
to “give defense counsel notice of any incident after the first incident as an extraneous
offense.” The State gave no notice of an intent to introduce evidence under Rule
404(b). Therefore, appellant concludes that the trial court abused its discretion in
allowing complainant to testify about three instances of abuse rather than only the
primary offense occurring in December of 1999.
          Texas Rule of Evidence 404(b)


 is the authority generally applicable to issues
concerning the admission of evidence of extraneous crimes, wrongs or acts committed
by a criminal defendant. However, in prosecutions for sexual assault of a child, Rule
404(b) is superseded by article 38.37 of the Texas Code of Criminal Procedure. Tex.
Code. Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2004); Hitt v. State, 53 S.W.3d
697, 705 (Tex. App.—Austin 2001, pet. ref’d). Article 38.37 provides, in pertinent
part, as follows:
Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal
Evidence, evidence of other crimes, wrongs, or acts committed by the 
defendant against the child who is the victim of the alleged offense shall
be admitted for its bearing on relevant matters, including:
 
(1)the state of mind of the defendant and the child; and
 
                    (2)     the previous and subsequent relationship between the
defendant and the child.
 
Sec. 3. On timely request by the defendant, the state shall give the
defendant notice of the state’s intent to introduce in the case in chief
evidence described by Section 2 in the same manner as the state is
required to give notice under Rule 404(b), Texas Rules of Criminal
Evidence.

Tex. Code. Crim. Proc. Ann. art. 38.37. 
 
          To be entitled to notice pursuant to article 38.37, a defendant must specifically
request notice under the article. Id. A request for notice under Rule 404(b) does not
constitute a request for notice under article 38.37. Hitt, 53 S.W.3d at 705-06. Thus,
the State need not provide notice of its intent to present evidence admissible under
article 38.37, when a defendant merely makes a request for notice under Rule 404(b). 
See id. 
          In the instant case, complainant’s testimony concerning the subsequent acts of
sexual abuse was admissible under article 38.37. Appellant failed to request notice
of the State’s intent to introduce evidence admissible under article 38.37, and
appellant’s request for notice under Rule 404(b) was insufficient to require the State
to provide notice of the testimony.


 We hold that the trial court did not abuse its
discretion in allowing complainant to testify about the subsequent acts of abuse,
notwithstanding the State’s failure to notify appellant of its intent to present the
testimony under article 38.37.
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.



                                                   Laura Carter Higley
                                                   Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).